1
2
3
4
5
6
7

**MAYALL HURLEY P.C.**
**ROBERT J. WASSERMAN (SBN: 258538)**
rwasserman@mayallaw.com
**WILLIAM J. GORHAM (SBN: 151773)**
wgorham@mayallaw.com
**JENNY D. BAYSINGER (SBN: 251014)**
jbaysinger@mayallaw.com
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
**Telephone: (209) 477-3833**
**Facsimile: (209) 473-4818**

8

**Attorneys for Plaintiff Jobany Rodriguez and the Putative Class**

9

**UNITED STATES DISTRICT COURT**

10

**EASTERN DISTRICT OF CALIFORNIA**

11
12
13
14
15
16
17
18
19

| | |
|---|---|
| **JOBANY RODRIGUEZ,** | **Case No.:** |
| **Plaintiffs,** | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **vs.** | |
| **ALLEN DISTRIBUTION, LP; and DOES 1-100, inclusive,** | 1. **FAILURE TO PAY MINIMUM WAGE** 2. **FAILURE TO PAY OVERTIME** 3. **FAILURE TO PAY SICK PAY** 4. **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS** |
| **Defendants.** | 5. **FAILURE TO REIMBURSE BUSINESS EXPENSES** 6. **UNLAWFUL BUSINESS PRACTICES** |

20
21
22

Plaintiff Jobany Rodriguez brings this class action against Allen Distribution and Does 1 through 100, for violations of the Fair Labor Standards Act, the California Labor Code, and the Business and Professions Code.

23

**PARTIES**

24
25
26
27

1.      Jobany Rodriguez ("Plaintiff") is and at all times relevant herein was employed in San Joaquin County, California, and was an "employee" as defined by the Fair Labor Standards Act ("FLSA"), the California Labor Code ("Labor Code"), and the applicable California Industrial Wage Commission ("IWC") Order(s).

28

2.      Allen Distribution, LP ("Defendant" or "Allen Distribution") is a Pennsylvania company which does business in California and throughout the United States.

3.      At all times relevant herein, Allen Distribution has been an "employer" as defined by the Fair Labor Standards Act ("FLSA"), the California Labor Code ("Labor Code"), and the applicable California Industrial Wage Commission ("IWC") Order(s).

4.      Allen Distribution and Does 1-100 are collectively referred to as Defendants.

5.      Plaintiff is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such Defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.   Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries and damages herein alleged were legally caused by such Defendants.  Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

6.      Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 216(b).  This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the unlawful acts alleged herein took place in San Joaquin County, California and Plaintiff's place of employment with Allen Distribution was within this District.  Plaintiff hereby demands a jury trial.

**GENERAL ALLEGATIONS**

8.      Plaintiff was hired by Allen Distribution as a Loader in or around November 2019.

9.      Throughout his employment, Plaintiff was a non-exempt employee.  As such, he was entitled to be paid at least minimum wage for every hour he worked and overtime as appropriate.

10.     Throughout his employment, however, Plaintiff and Allen Distribution's other non-exempt employees were not paid for every hour they worked.

11.     Allen Distribution employed, with regard to Plaintiff and its other non-exempt employees, an impermissible but uniform policy and practice of rounding its employees' time.

12.     Allen Distribution's rounding policy is not neutral, either facially or as applied.

13.     Allen Distribution's rounding policy favors Allen Distribution and consistently results in underpayment to its non-exempt employees, including Plaintiff.

14.     Additionally, Plaintiff and Allen Distribution's other non-exempt employees were eligible for and at times received non-discretionary bonuses, commissions, and other items of compensation (such as crisis premium pay).  **Exhibit A**.

15.     Allen expressly promised its employees increased base hourly rates for work performed during the COVID-19 pandemic.  Specifically, in order to induce Plaintiff and its other non-exempt employees to work during this period, Allen promised an additional $1.00 per hour for all regular hours worked, an additional $2.00 per hour for all hours worked beyond eight (8) in a workday and/or forty (40) in a workweek, and an additional $2.00 per hour for all hours worked beyond 12 in a workday.  These promised amounts were essentially shift premiums paid to incentivize Plaintiff and Allen's other non-exempt employees to continue working and to work additional hours.

16.     Throughout his employment, however, Allen Distribution failed to pay properly calculate and pay the overtime wages owed to Plaintiff and its other non-exempt employees.

17.     Specifically, pursuant to its uniform policy, practice and procedure, Allen Distribution failed to include commissions, non-discretionary bonuses and other items of compensation when determining Plaintiff and its other non-exempt employees' "regular rate of pay" for purposes of overtime.

18.     For example, during the pay period of April 4, 2020 through April 17, 2020, Mr. Rodriguez received "Crisis Prem Reg" of $80.00 and "Crisis Prem OT" of $78.86, and "Crisis Prem DT" of $0.06.  See **Exhibit A**.  Pursuant to its uniform policy and practice, Allen Distribution failed to include Mr. Rodriguez's "Crisis Prem Reg", "Crisis Prem OT", and "Crisis Prem DT" when calculating his regular rate of pay and underpaid him.  *Id*.  Instead, Allen Distribution utilized only Plaintiff's base hourly rate, without considering bonuses, shift premiums, etc., and multiplied it by 1.5 or 2.0, as appropriate.  See *Id*.

19.     Similarly, during the pay period of April 18, 2020 through May 1, 2020, Mr. Rodriguez received "Crisis Prem Reg" of $72.00, "Crisis Prem OT" of $77.06.  See **Exhibit B**.  Pursuant to its uniform policy and practice, Allen Distribution failed to include Mr. Rodriguez's "Crisis Prem Reg" and "Crisis Prem OT" when calculating his regular rate of pay and underpaid him.  *Id*.  Instead, Allen Distribution utilized only Plaintiff's base hourly rate and multiplied it by 1.5 or 2.0, as appropriate. See *Id*.

20.     Plaintiff and Allen Distribution's non-exempt California employees were also entitled to sick pay.  Any sick pay used appeared on their wage statements as "CA Sick".

21.     Pursuant to its uniform policy and practice, Allen Distribution failed to include commissions, non-discretionary bonuses and other items of compensation (including crisis premium pay) when determining Plaintiff and its other non-exempt California employees' regular rate of pay for purposes of sick pay.  See **Exhibit B**.

22.     Because of the violations set forth above, and as evidenced in the samples of Plaintiff's wage statements attached hereto as **Exhibits A** and **B**, the wage statements furnished by Allen Distribution to its non-exempt California employees violated California Labor Code section 226(a) insofar as they failed to accurately show:

     a.   The gross wages earned, in violation of section 226(a)(1);
     b.   The total hours worked by the employee in violation of section 226(a)(2);
     c.   The net wages earned, in violation of section 226(a)(5); and
     d.   All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

23.     Separately, and independent of Allen Distribution's failure to properly calculated and pay overtime and sick pay, or to provide compliant meal and rest breaks, or the premiums associated

with the same, the wage statements it furnishes to its non-exempt California employees violate California Labor Code section 226(a) insofar as they fail to accurately show the total hours worked in violation of section 226(a)(2).

24.     Specifically, they list multiple different categories of earnings:  (i) "Regular Pay," (ii) "Overtime," (3) " Double Time," (4) "Crisis Prem Reg", (5) "Crisis Prem OT", (6) "Crisis Prem DT", (7) "CA Sick", (8) "MEAL PENALTY" and include all of those hours under the title "Total Hours."  See **Exhibits A** and **B**.

25.     With respect to the hours included in the pay period, the wage statements contain a category calculating the total hours worked by Plaintiff and Allen Distribution's other non-exempt California employees.  See **Exhibits A** and **B**.  However, these statements list the total number of hours listed under each of the different categories, *not* the number of hours actually worked.  **Id**.

26.     For example, during the pay period of April 4, 2020 through April 17, 2020, Plaintiff's wage statement listed 80.00 hours at "Regular Pay", 39.43 hours at "Overtime", 1.00 at "Meal Penalty", .03 hours at "Double Time", 80.00 hours at "Crisis Prem Reg", 39.43 hours at "Crisis Prem OT", and .03 hours at "Crisis Prem DT".  See **Exhibit A**.  Further, the Total Hours listed is 239.92.  Plaintiff did not work 239.92 hours during the pay period.

27.     If an employee sought to calculate the total number of hours worked during a pay period and added the hours listed under the "Regular", "Overtime Hour 1.5", "2nd Shift 1.5 OT Premium" and/or "2nd Shift Premium" categories, the total hours worked would be incorrect.  **Id**.; see *McKenzie v. Federal Exp. Corp*., 275 F.R.D. 290, 292 (C.D. Cal. 2011).

28.     Similarly, during the pay period of April 18, 2020 through May 1, 2020, Plaintiff's wage statements listed 72.00 hours at "Regular Pay", 38.53 hours at "Overtime", 72.00 hours at "Crisis Prem Reg", 38.53 hours at "Crisis Prem OT", and 8.00 hours at "CA Sick".  See **Exhibit B**.  Further, the Total Hours listed is 229.06.  Plaintiff did not work 229.06 hours during the pay period.

29.     If an employee sought to calculate the total number of hours worked during a pay period and added the hours listed under the "Regular", "Overtime Hour 1.5", "2nd Shift 1.5 OT Premium" and/or "2nd Shift Premium" categories, the total hours worked would be incorrect.  **Id**.; see *McKenzie v. Federal Exp. Corp*., 275 F.R.D. 290, 292 (C.D. Cal. 2011).

30.     Allen Distribution was, at all times relevant herein, aware of the requirements of California Labor Code section 226.

31.     Allen Distribution has, at all times relevant herein, furnished wage statements to each of its non-exempt California employees pursuant to an established set of policies, procedures and practices.

32.     Plaintiff and Allen Distribution's other non-exempt California employees, both current and former, have suffered injury as a result of Allen Distribution's knowing and intentional failure to comply with California Labor Code section 226(a).

33.     Plaintiff and Allen Distribution's other non-exempt California employees, both current and former, were unable to promptly and easily determine their gross wages earned from the wage statements furnished by Allen Distribution.

34.     Plaintiff and Allen Distribution's other non-exempt California employees, both current and former, have suffered injury as a result of Allen Distribution's knowing and intentional failure to furnish wage statements accurately showing the gross wages earned by them in violation of California Labor Code section 226(a)(1).

35.     Plaintiff and Allen Distribution's other non-exempt California employees, both current and former, who worked overtime, were unable to promptly and easily determine their total hours worked from the wage statements furnished by Allen Distribution.

36.     Plaintiff and Allen Distribution's other non-exempt California employees, both current and former, who worked overtime, have suffered injury as a result of Allen Distribution's knowing and intentional failure to furnish wage statements accurately showing their total hours worked in violation of California Labor Code section 226(a)(2).

37.     Plaintiff and Allen Distribution's other non-exempt California employees, both current and former, were unable to promptly and easily determine their net wages earned from the wage statements furnished by Allen Distribution.

38.     Plaintiff and Allen Distribution's other non-exempt California employees, both current and former, have suffered injury as a result of Allen Distribution's knowing and intentional failure to

furnish wage statements accurately showing the net wages earned by them in violation of California Labor Code section 226(a)(5).

39.     Plaintiff and Allen Distribution's other non-exempt California employees, both current and former, were unable to promptly and easily determine all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate from the wage statements furnished by Allen Distribution.

40.     Plaintiff and Allen Distribution's other non-exempt California employees, both current and former, have suffered injury as a result of Allen Distribution's knowing and intentional failure to furnish wage statements accurately showing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

41.     In or around March 2020, Allen Distribution implemented a number of COVID-19 related procedures including, but not limited to, requiring employees to wear face coverings at work. Notwithstanding the foregoing, Allen Distribution did not reimburse employees for expenses incurred as a result of these procedures.

42.     From at least four years prior to the filing of this action, Allen Distribution has adopted and employed unfair business practices.  These unfair business practices include, but are not limited to, failing to pay employees for all hours worked, failing to pay for all overtime hours worked, failing to properly calculate and pay all overtime wages and sick pay due, and failing to provide compliant meal and rest breaks, or to pay the premiums associated therewith, and failure to reimburse for all business expenses.

## COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff seeks to maintain the second cause of action as an "opt-in" collective action pursuant to 29 U.S.C section 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest) and attorneys' fees under the FLSA.  In addition to Plaintiff, numerous other current and former hourly, non-exempt employees of Defendant were not paid all the overtime they are owed. Plaintiff is a representative of those other current and former employees and are acting on behalf of their interests as well as their own in bringing this action.  These similarly situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's records.  These

similarly situated employees may be readily notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA.

## CLASS ACTION ALLEGATIONS

44.    Plaintiff seeks to maintain this action as a class action as to the First through Sixth Causes of Action.  Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The putative classes which Plaintiff seeks to represent consist of the following:

    a.    All current and former non-exempt employees of Allen Distribution who earned commissions, non-discretionary bonuses, or other items of compensation and worked overtime during one or more pay periods between June 16, 2016 and the date of trial (the "Regular Rate Class");

    b.    All current and former non-exempt California employees of Allen Distribution who earned commissions, non-discretionary bonuses, or other items of compensation and worked overtime during one or more pay periods between June 16, 2016 and the date of trial (the "California Regular Rate Class");

    c.    All current and former non-exempt California employees of Allen Distribution who worked one or more pay periods between June 16, 2016 and the date of trial (the "California Non-Exempt Class");

    d.    All current and former non-exempt employees of Allen Distribution who received commissions, non-discretionary bonuses or other items of compensation and used sick leave during at least one pay period between June 16, 2016 and the date of trial (the "California Sick Pay Class");

    e.    All current and former employees of Allen Distribution who incurred business expenses as a result of the COVID-19 related procedures adopted and implemented by Allen Distribution between March 1, 2020 and the date of trial (the "California 2802 Class"); and

    f.    All current and former non-exempt California employees of Allen Distribution who received one or more wage statements between June 16, 2019 through the date of trial (the "California Wage Statement Class").

The California Non-Exempt Class, the Regular Rate Class, California Regular Rate Class, the California Sick Pay Class, California 2802 Class, and the California Wage Statement Class are collectively referred to as the Class.

45. The class of persons is so numerous that joinder of all members is impracticable, and the disposition of their claims in a class action is a benefit to the parties and to the Court. Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than 1,000 employees who satisfy the class definition. Although the exact number and identity of class members is not presently known, they can be identified in Defendants' records through coordinated discovery pursuant to this class action.

46. This action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because the questions of law and fact which are common to class members clearly predominate over any questions affecting only individual members and because a class action is superior to other available methods for adjudicating the controversy.

47. There are numerous common questions of law and fact arising out of Defendants' conduct. This class action focuses on Defendants' systematic: (a) failure to pay their non-exempt employees for all hours worked, (b) failure to pay their non-exempt employees for all overtime worked, (c) failure to properly calculate and pay overtime to their non-exempt employees, (d) failure to properly calculate and pay their non-exempt California employees for sick pay; (e) failure to authorize and permit meal breaks or to pay the premiums associated with the same; and (f) failure to provide accurate itemized wage statements.

48. Furthermore, common questions of fact and law predominate over any questions affecting only individual members of the class. The predominating common or class-wide questions of law and fact include the following:

    a. Whether Defendant failed to pay its non-exempt employees for all hours worked;

    b. Whether Defendant's rounding policy/practice is facially neutral and/or neutral as applied and complies with California law;

    c. Whether Defendant failed to properly calculate and pay its non-exempt employees' overtime pay in accordance with the requirements of the FLSA;

d.   Whether Defendant failed to properly calculate and pay its non-exempt California employees' overtime pay;

e.   Whether Defendant failed to properly calculate and pay its non-exempt California employees' sick pay;

f.   Whether Defendant failed to pay premiums to its non-exempt California employees as a result of non-compliant meal and rest breaks;

g.   Whether Defendant failed to reimburse its non-exempt California employees for all business expenses;

h.   Whether the wage statements Defendant furnished to their California employees comply with Labor Code section 226;

i.   Whether the alleged violations constitute unfair business practices;

j.   Whether the Class is entitled to injunctive relief; and

k.   Whether the Class is entitled to unpaid wages, statutory penalties and/or restitutionary relief, and the amount of the same.

49.   Plaintiff's claims are typical of the claims of the members of the Class as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of the alleged violations of Defendant.  Plaintiff's claims are typical of those of the Class because Defendant subjected Plaintiff and each member of the Class to the same violations alleged herein.

50.   The defenses of Defendant, to the extent that such defenses apply, are applicable generally to the whole Class and are not distinguishable as to the proposed class members.

51.   Plaintiff will fairly and adequately protect the interests of all members of the Class, and has retained attorneys with extensive experience in litigation, including class and representative actions.  Plaintiff has no interests that conflict with those of the Class.  Plaintiff is able to fairly and adequately protect the interests of all members of the class because it is in his best interest to prosecute the claims alleged herein in order to obtain the full compensation due themselves and the other class members.

52.   A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practicable, 2)

litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing individual claims because the damages available to them are relatively small, and 6) public policy encourages the use of the class actions to enforce employment laws and protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

53.     Judicial economy will be served by maintenance of this lawsuit as a class action.  To process numerous virtually identical individual cases will significantly increase the expense on the Court, the class members, and Defendant, all while unnecessarily delaying the resolution of this matter.  There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court and doing so will provide multiple benefits to the litigating parties including, but not limited to, efficiency, economy, and uniform adjudication with consistent results.

54.     Notice of a certified class action and any result or resolution of the litigation can be provided to class members by mail, email, publication, or such other methods of notice as deemed appropriate by the Court.

**FIRST CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LABOR CODE § 1182 et seq**
**(Failure to Pay Minimum Wage)**
**Against Defendants on behalf of the California Non-Exempt Class**

55.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

56.     California Labor Code section 1182.12 establishes the minimum wage for California employees from July 1, 2014, to present.

57.     Labor Code Section 1194 provides, in relevant part that "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ...

applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ... including interest thereon, reasonable attorney's fees, and costs of suit."

58.     Labor Code section 1194.2 provides that "[i]n any action under ... Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

59.     Labor Code section 1197 provides that the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lesser wage is unlawful.

60.     Labor Code section 1197.1 further provides that any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order shall be subject to restitution of wages and liquidated damages payable to the employee.

61.     Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

62.     During the relevant time period, Defendant intentionally and willfully failed to pay Plaintiff and their non-exempt California employees for every hour worked.

63.     Wherefore, Plaintiff and the other members of the California Non-Exempt Class have been injured as set forth above and request relief as hereafter provided.

**SECOND CAUSE OF ACTION**
**VIOLATION OF FAIR LABOR STANDARDS ACT AND**
**CALIFORNIA LABOR CODE §§ 510 & 1198**
**(Failure to Pay Overtime)**
**Against Defendants on Behalf of the Regular Rate Class and the California Regular Rate Class**

64.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

65.     The Fair Labor Standards Act, 29 USC §§ 201 et seq. and 29 CFR §§ 778 et seq., requires time-and-a-half pay for the time an employee works over forty hours a week.

66.     Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

67.     Pursuant to California Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

68.     During the relevant time period, Plaintiff and Defendant's other non-exempt employees regularly worked overtime.

69.     During the relevant time period, Defendant intentionally and willfully failed to pay all overtime wages due to Plaintiff and its non-exempt employees.

70.     Wherefore, Plaintiff and the other members of the Regular Rate Class and California Regular Rate Class have been injured as set forth above and request relief as hereafter provided.

### THIRD CAUSE OF ACTION
**VIOLATION OF LABOR CODE §§ 218, 233, 246 et seq.**
**(Failure to Pay Wages)**
**Against Defendants and the California Sick Pay Class**

71.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

72.      Labor Code section 246(l) requires that employers pay sick time pay to non-exempt employees at that employee's "regular rate of pay."

73.     The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, shift differentials, commissions, non-discretionary bonuses, and the value of meals and lodging.  See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.

74.     During the relevant time period, Defendants failed to include commissions, incentive payments, non-discretionary bonuses, and/or other items of compensation when determining the "regular rate of pay" for Plaintiff and their other non-exempt California employees for purposes of sick time pay.

75.     According to the California Supreme Court, sick pay is a form of wages.  *Murphy v. Kenneth Cole Productions*, 40 Cal.4th 1094, 1103 (Cal. 2007); see also *Flores v. Dart Container Corp.*, 2020 WL 2770073 *3 (E.D. Cal. 2020).

76.     Labor Code section 233 provides that "any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section 246.5."

77.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other members of the Sick Pay Class their sick pay at the rate of pay required by law.  Accordingly, Plaintiff and the other members of the Sick Pay Class did not receive the full amount of paid sick time wages that they were entitled to receive by law, and were therefore denied the right to use sick leave within the meaning of Labor Code sections 233(a) and (c).

78.     Any employer who violates Labor Code section 233 is liable to employees for the greater of one days' pay or actual damages, reasonable equitable relief, and reasonable attorneys' fees and costs.  Labor Code §233(d), (e).

79.     Further, Labor Code section 218 acknowledges a general private right of action to recover unpaid wages.

80.     Wherefore, Plaintiff and the other members of the California Sick Pay Class have been injured as set forth above and request relief as hereafter provided.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 226(a)**
**(Failure to Furnish Accurate Itemized Wage Statements)**
**Against Defendants on behalf of the California Wage Statement Class**

81.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

82.     Pursuant to California Labor Code section 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee [. . .], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer [. . .], (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer [. . .], the rate of pay and the total hours worked for each temporary services assignment."

83.     An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.  Labor Code § 226(e)(1).

84.     An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee

during the pay period or any of the other information required to be provided pursuant to Labor Code section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name and address of the employer and iv) the name of the employee and the last four digits of his or her social security number or employee identification number.  Labor Code § 226(e)(2)(A) and (B)(i)-(iv).  "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information.  Labor Code § 226(e)(2)(C).

85.     As set forth above, Defendants intentionally and willfully failed to furnish accurate itemized wage statements which complied with Labor Code section 226.

86.     Wherefore, Plaintiff and the other members of the California Wage Statement Class have been injured as set forth above and request relief as hereafter provided.

<u>**FIFTH CAUSE OF ACTION**</u>
**VIOLATION OF CALIFORNIA LABOR CODE § 2802.**
**(Failure to Reimburse Business Expenses)**
**Against Defendants on behalf of the California 2802 Class**

87.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

88.     Pursuant to California Labor Code § 2802(a), "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

89.     As set forth above, Defendants failed to indemnify Plaintiff and the California 2802 Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their job duties.

90.     Wherefore, Plaintiff the other members of the California 2802 Class have been injured as set forth above and request relief as hereafter provided.

/ / /

**SIXTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ*.**
**(Unfair Business Practices)**
**Against Defendants**

91.     Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

92.     The statutory violations, as alleged above, are unfair business practices within the meaning of the Unfair Competition Law (Business and Professions Code sections 17200 *et seq*), and include, but are not limited to failing to employees for all hours worked, failing to properly calculate and pay all overtime wages and sick pay due, failing to provide compliant meal breaks, and failing to reimburse business expenses.

93.     Wherefore, Plaintiff and the other members of the California Non-Exempt Class, California Regular Rate Class, the Regular Rate Class, the California Sick Pay Class, and the California 2802 Class have been damaged as set forth above and request relief as hereafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

**As to the First through Eight Causes of Action:**

1.     That this Court certify the Classes identified in paragraph 45;

2.     That this Court appoint Plaintiff as the representative of the Class;

3.     That this Court appoint Mayall Hurley, P.C. as Class Counsel;

4.     That this Court award actual, compensatory, special, and general damages as well as restitutionary relief to Plaintiff and the members of the Class;

5.     That this Court award injunctive relief, including that available under 29 U.S.C. § 217, Labor Code §§ 226(h) and 248.5(e), and Business and Professions Code § 17203;

6.     That this Court award penalties and liquidated damages including, but not limited to, those available under 29 U.S.C. 216(b) and Labor Code §§ 203, 226, 226.7, 512 and 1194.2;

7.    That this Court award statutory attorneys' fees and costs, including those available under 29 U.S.C. § 216(b), Labor Code §§ 218.5, 226(e)(1), 226(h), 248.5(e), and 1194, as well as Code of Civil Procedure § 1021.5;

8.    That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

9.    That this Court award such other and further relief as the court deems just and proper.

**DATED:**  June 16, 2020                                        **MAYALL HURLEY P.C.**

By _____ */ s / Robert J. Wasserman_____
                ROBERT J. WASSERMAN
                WILLIAM J. GORHAM
                JENNY D. BAYSINGER
                Attorneys for Plaintiff and the Putative Class

EXHIBIT A



ALLEN DISTRIBUTION
1532 COMMERCE AVENUE
CARLISLE, PA 17015

JOBANY RODRIGUEZ

| | | | |
|---|---|---|---|
| Emp No | 011368 | Check No | 68583 |
| Location | B57 | Check Date | 4/23/2020 |
| Regions | 75 | Period Start | 4/4/2020 |
| Department | 20 | Period End | 4/17/2020 |
| DIV/BLDG | 57 | Pay Group | BIWKLY |
| Shifts Org4 | | Pay Rate | 16.00 |
| AR | ALL1018 | Job | FORKOP |

| EARNINGS | | | | | TAXES | | |
|---|---|---|---|---|---|---|---|
| Pay Type | Hours | Pay Rate | Current | YTD | Tax Code | Current | YTD |
| Crisis Prem DT | 0.03 | 2.00 | 0.06 | 0.06 | Federal Income Tax | 0.00 | 816.25 |
| Crisis Prem OT | 39.43 | 2.00 | 78.86 | 147.40 | Employee Medicare | 39.40 | 214.67 |
| Crisis Prem Reg | 80.00 | 1.00 | 80.00 | 160.00 | Social Security Empl | 168.50 | 917.92 |
| Double Time | 0.03 | 32.00 | 0.96 | 0.96 | CA State Income Tax | 0.00 | 249.82 |
| MEAL PENALTY | 1.00 | 16.00 | 16.00 | 64.00 | CA Disability Employ | 27.18 | 148.07 |
| Overtime | 39.43 | 32.00 | 1261.76 | 4135.60 | | | |
| Regular Pay | 80.00 | 16.00 | 1280.00 | 10297.12 | | | |

| | Total Hours | 239.92 | | 2717.64 | | 14805.14 | Total | 235.08 | 2346.73 |
|---|---|---|---|---|---|---|---|---|---|

| EMPLOYEE ACCRUALS | | | DEDUCTIONS | | | EMPLOYER AMOUNTS | | NET PAY DISTRIBUTION | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Description | Balance | Taken Remaining | Description | Current | YTD | Current | YTD | Type | Acct Number | Amount |
| CASICK | 24.00 | | Child Support | 225.69 | 2031.21 | 0.00 | 0.00 | Checking | XXXXXXXX9012 | 2256.87 |
| PPT | 6.82 | | | | | | | | | |
| VAC | 16.94 | | | | | | | | | |

* Balance on Hold

| | GROSS | TAXES | DEDS | NET PAY | Total Net Pay | 2256.87 |
|---|---|---|---|---|---|---|
| CURRENT | 2717.64 | 235.08 | 225.69 | 2256.87 | | |
| YTD | 14805.14 | 2346.73 | 2031.21 | 10427.20 | | |

DOCUMENT IS PRINTED ON CHEMICALLY REACTIVE PAPER - THE BACK OF THIS DOCUMENT INCLUDES A TAMPER EVIDENT CHEMICAL WASH WARNING BOX

Ultimate SOFTWARE

UltiPro®



ALLEN DISTRIBUTION
1532 COMMERCE AVENUE
CARLISLE, PA 17015

Advice No. 68583

Date: 4/23/2020

$2256.87

NON-NEGOTIABLE

PAY TO THE
ORDER OF

RODRIGUEZ, JOBANY

05811          ALL1018\NEWCAS\B57 - DDA



# EXHIBIT B

**ALLEN DISTRIBUTION**
1532 COMMERCE AVENUE
CARLISLE, PA 17015
PROMISES DELIVERED

JOBANY RODRIGUEZ

| | | |
|---|---|---|
| Emp No | 011368 | |
| Location | B57 | |
| Regions | 75 | |
| Department | 20 | |
| DIV/BLDG | 57 | |
| Shifts Org4 | | |
| AR | ALL1018 | |

| | |
|---|---|
| Check No | 69275 |
| Check Date | 5/7/2020 |
| Period Start | 4/18/2020 |
| Period End | 5/1/2020 |
| Pay Group | BIWKLY |
| Pay Rate | 16.00 |
| Job | FORKOP |

### EARNINGS

| Pay Type | Hours | Pay Rate | Current | YTD |
|---|---|---|---|---|
| CA Sick | 8.00 | 16.00 | 128.00 | 128.00 |
| Crisis Prem DT | 0.00 | 0.00 | 0.00 | 0.06 |
| Crisis Prem OT | 38.53 | 2.00 | 77.06 | 224.46 |
| Crisis Prem Reg | 72.00 | 1.00 | 72.00 | 232.00 |
| Double Time | 0.00 | 0.00 | 0.00 | 0.96 |
| MEAL PENALTY | 0.00 | 0.00 | 0.00 | 64.00 |
| Overtime | 38.53 | 32.00 | 1232.96 | 5368.56 |
| Regular Pay | 72.00 | 16.00 | 1152.00 | 11449.12 |

### TAXES

| Tax Code | Current | YTD |
|---|---|---|
| Federal Income Tax | 0.00 | 816.25 |
| Employee Medicare | 38.60 | 253.27 |
| Social Security Empl | 165.04 | 1082.96 |
| CA State Income Tax | 0.00 | 249.82 |
| CA Disability Employ | 26.62 | 174.69 |

| | Total Hours | 229.06 | | 2662.02 | 17467.16 | Total | | 230.26 | 2576.99 |
|---|---|---|---|---|---|---|---|---|---|

### EMPLOYEE ACCRUALS

| Description | Balance | Taken | Remaining |
|---|---|---|---|
| CASICK | 16.00 | | |
| PPT | 7.44 | | |
| VAC | 18.48 | | |

### DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Child Support | 225.69 | 2258.90 |

### EMPLOYER AMOUNTS

| Current | YTD |
|---|---|
| 0.00 | 0.00 |

### NET PAY DISTRIBUTION

| Type | Acct Number | Amount |
|---|---|---|
| Checking | XXXXXXXXX9012 | 2206.07 |

* Balance on Hold

| | GROSS | TAXES | DEDS | NET PAY | Total Net Pay | |
|---|---|---|---|---|---|---|
| CURRENT | 2662.02 | 230.26 | 225.69 | 2206.07 | | 2206.07 |
| YTD | 17467.16 | 2576.99 | 2258.90 | 12633.27 | | |

**Ultimate** SOFTWARE

DOCUMENT IS PRINTED ON CHEMICALLY REACTIVE PAPER - THE BACK OF THIS DOCUMENT INCLUDES A TAMPER EVIDENT CHEMICAL WASH WARNING BOX

**UltiPro**



**ALLEN DISTRIBUTION**
1532 COMMERCE AVENUE
CARLISLE, PA 17015
PROMISES DELIVERED

Advice No. 69275

Date: 5/7/2020

$2206.07

NON-NEGOTIABLE

PAY TO THE
ORDER OF     RODRIGUEZ, JOBANY

13387          ALL1018\NEWCAS\B57 - DDA

